# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:99CR13

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **MICHAEL TAYLOR,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **EASTERN BAND OF CHEROKEE INDIANS,** | ) | |
| | ) | |
| Garnishee. | ) | |

**THIS MATTER** is before the Court on the Government's proposed Order of Garnishment submitted to the undersigned.

The record of this case shows that on February 9, 2000, the Defendant was sentenced to life imprisonment for his convictions of assault with intent to commit murder, assault with a dangerous weapon with intent to do bodily harm, assault resulting in serious bodily harm, using and carrying a firearm during a crime of violence, and possession of a

firearm by a convicted felon.  **Judgment in a Criminal Case, filed February 23, 2000, at 2.**  He was ordered to pay the sum of $42,053.51 in restitution.  *Id.* at 4.

On March 11, 2005, the undersigned issued a writ of continuing garnishment which provided notice to the Eastern Band of Cherokee Indians and the Defendant that the Government sought to garnish his *per capita* distribution of gaming proceeds in order to pay restitution.  **Writ of Continuing Garnishment, filed March 11, 2005.**  The United States served the writ on May 13, 2005.  Fourteen days later, the Eastern Band of Cherokee Indians filed an answer to the writ in which it asserted the sovereign power of the Tribe as a defense to the garnishment.  **Answer, filed May 27, 2005.**  Contained within the language of the answer was a request to quash the writ.  *Id.*

On May 27, 2005, a claim of exemptions form was filed on behalf of the Defendant by his mother, who provided proof that she has his power of attorney.  **Letter, filed May 27, 2005, from Jane Taylor.**  Contained with the letter was a request by Ms. Taylor for a hearing.  *Id.*  The exemptions form was included with the letter and the only exemption claimed was for

wearing apparel and school books.  *Id.*  Ms. Taylor also checked the form in the location provided to request a hearing.  *Id.*

The Tribe's request to quash and Ms. Taylor's request for a hearing were not referred to the Court because the requests were contained within the language of their flings.  As a result, no further action was taken in the matter until November 8, 2006, when the United States filed an annual accounting of garnishment.  **Annual Accounting of Garnishment, filed November 8, 2006.**  The Tribe has, despite its earlier position, honored the writ of continuing garnishment and paid to the United States Attorney's Office three *per capita* distributions totaling $13,583.00, bringing the outstanding balance due on restitution to $23,423.57.[1]

The Court will first address the request for a hearing by Ms. Taylor. When the United States seeks to collect a judgment by garnishment, the procedures are provided by 28 U.S.C. § 3205.  Once the writ has been served, the defendant/debtor may claim exemptions but there is no specific statutory method for objecting to the writ itself.  **28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are**

---

[1] The Court recognizes that the difference between $42,053.51 and $13,583.00 is $28,470.51 but assumes that the United States has collected other restitution payments.

**satisfied, the court shall issue an appropriate writ of garnishment.");
28 U.S.C. § 3205(c)(3)(B) ("The United States shall serve the . . .
judgment debtor with a copy of the writ of garnishment[.] The writ
shall be accompanied by [ ] instructions to the judgment debtor for
objecting to the answer of the garnishee and for obtaining a hearing
on the objections.").** "Under [the Fair Debt Collections Procedure Act], a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. . . . [However] the issues . . . are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements." ***United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir. 2003).**

Here, the Defendant, through his power of attorney, has not moved to quash the writ of garnishment. He filed a notice of his claim of exemption but did not file objections to the answer of the garnishee. Nor did the Defendant serve the garnishee with the pleading. **28 U.S.C. § 3205(c)(5) ("A copy of the objection . . . shall be served on the garnishee and all other parties.").**

And, although the Defendant did elect one exemption, it does not relate to the *per capita* distribution of gaming proceeds. The Defendant

claimed exemptions in wearing apparel and school books. Moreover, assuming that this stated a ground, it would not be cognizable in objecting to the answer to the writ. **28 U.S.C. § 3202(d) ("The issues at such hearing shall be limited [ ] to the probable validity of any claim of exemption by the judgment debtor [and] to compliance with any statutory requirement for the issuance of the [writ].").** There is no issue concerning the exemption and the Defendant has made no claim that the Government in any manner failed to comply with the procedural requirements of the statute. In essence, the Defendant seeks to attack the judgment of restitution. That may not be done in this procedural posture.

Nor does the Court find a hearing is required since the Defendant did not file objections to the answer and did not serve objections to the answer on the Tribe. Even if it is assumed that the Defendant intended to move to quash the writ, the only issues would be the validity of the exemptions and the Government's compliance with procedural rules. Since there are no such issues, no hearing is required.

As to the Tribe, its compliance with the writ indicates that the motion to quash is moot. Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit;

however, that immunity may be abrogated by Congress. ***C & L Enter., Inc. v. Citizens Band of Potawatomi Indian Tribe of Okla.*, 532 U.S. 411 (2001).** When Congress enacted the Federal Debt Collection Procedure Act in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest, and, it defined "person" as including an Indian tribe. **28 U.S.C. §§ 3002(7), (10).** "Congress has the power to statutorily waive a tribe's sovereign immunity." ***Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Cmty.*, 991 F.2d 458, 462 (8th Cir. 1993).** The Federal Debt Collection Procedure Act uses unequivocal language to waive this immunity. ***C & L Enter., supra*.**

As a result, the Tribe as the garnishee must pay over to the federal government any property in which the Defendant has a nonexempt interest. ***United States v. Weddell*, 12 F.Supp.2d 999, 1000 (D.S.D. 1998),** *aff'd*, **187 F.3d 645 (table), 1999 WL 319323 (8th Cir. 1999).** That property includes a per capita distribution to tribal members of gaming revenues. ***Id.; accord, In re Kedrowski*, 284 B.R. 439 (Bankr. W.D. Wis. 2002).**

**IT IS, THEREFORE, ORDERED** that the request for a hearing by Ms. Taylor is hereby **DENIED**;

**IT IS FURTHER ORDERED** that any motion to quash by the Garnishee is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the writ of continuing garnishment entered March 11, 2005, continues to be a valid order of garnishment and attaches to each *per capita* distribution of gaming revenues on account of the Defendant until such time as restitution has been paid in full.

Signed: January 9, 2007

Lacy H. Thornburg
United States District Judge