# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:99cr13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL TAYLOR. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Defendant's Restitution Monies be Returned to Him in Progeny of U.S.A. v. Kemble Case No. Cr-09-286-m Oklahoma (2010) [Doc. 52].

On February 16, 2010, the Court dismissed the Government's Continuing Writ of Garnishment because the Defendant's restitution and assessment obligations had been completely paid. [Doc. 49]. The Defendant now claims that the medical bills for his victim, an enrolled member of the Eastern Band of Cherokee Indians, should have been paid by the United States Department of Indian Health Services and thus, he is entitled to be reimbursed for the restitution which he has paid.

1

The record shows that restitution was paid on behalf of the victim to the Cherokee Indian Hospital in Cherokee, North Carolina, Mountain Neurological Center in Asheville, North Carolina, Drs. Lemler, Holt and Robinson in Asheville, North Carolina and Carolina Mountain Emergency Medical, PA in Pawleys Island, South Carolina. [Doc. 24, at 4-5]. Thus, the medical bills of the victim were not paid by the United States Department of Indian Health Services.

Even if the bills had been paid by that agency, the Department of Indian Health Services would have been entitled to receive the restitution. See, *e.g.*, United States v. Parrish, 83 F.3d 430 (9th Cir. 1996), *certiorari denied* 519 U.S. 941, 117 S.Ct. 324, 136 L.Ed.2d 238 (1996). "[T]he Indian Health Service is a victim within the meaning of the Victim and Witness Protection Act." United States v. Sunrhodes, 831 F.2d 1537, 1545 (10th Cir. 1987). In other words, the restitution would have been collected in any event.

The Defendant's motion is premised on a case in the Western District of Oklahoma in which the Assistant United States Attorney agreed not to pursue restitution because the victim's medical bills had been paid by the Indian Health Services. The fact that the Government in that case negotiated such an agreement has no bearing on the Defendant's legal obligation to pay

restitution in this Court.

The Defendant's conviction and sentence, including the restitution portion thereof, are final. United States v. Taylor, 2 Fed.Appx. 379 (4th Cir. 2001), *certiorari denied* 534 U.S. 882, 122 S.Ct. 187, 151 L.Ed.2d 131 (2001). He has exhausted all appeals and collateral attacks. Id.; Taylor v. United States, Civil Case No. 2:02cv229 (April 11, 2003). No relief is available.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Defendant's Restitution Monies be Returned to Him in Progeny of U.S.A. v. Kemble Case No. Cr-09-286-m Oklahoma (2010) [Doc. 52] is hereby **DENIED**.

Signed: July 12, 2010

Martin Reidinger
United States District Judge